UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Elizabeth Lauer | : | Case No.: |
| Plaintiff | : | |
| v. | : | **COMPLAINT** |
| MaineHealth | : | |
| Defendant | : | |

Plaintiff, Elizabeth Lauer, for her Complaint against Defendant Unum Life Insurance Company of America states as follows:

1. Plaintiff is an individual who resides in Camden, Maine, and who is or was a participant in a long-term disability plan (the "Plan") sponsored by her former employer, Maine Health.

2. Upon information and belief, the Plan is funded through a group short- and long-term disability insurance policy Unum Life Insurance Company of America ("Unum") sold MaineHealth (collectively, "Policy").

3. MaineHealth is a domestic company with locations across Maine.

4. MaineHealth is the administrator of the Plan

5. Defendant is a Plan fiduciary and funds the short- and long-term disability Policy.

6. Unum served as the claims administrator of the Plan for purposes of benefit determinations made pursuant to the Policy.

7. Plaintiff brings this action to recover damages caused by MaineHealth material misrepresentation of Plan benefits.

8. Plaintiff brings this action under the Employee Retirement Income Security Act ("ERISA") 502(a)(3) and to recover damages through the equitable theory of surcharge. This Court hassubject matter jurisdiction over this action, and it may assert personal jurisdiction over Defendant because, per ERISA 502(e), it can be found in this district.

**Claim for Relief**

9. Plaintiff worked for Maine Health since November 22, 2005, serving as a Hospice Nurse.

10. In 2021, doctors diagnosed Plaintiff with Stage III stomach cancer.

11. Following the diagnosis, Plaintiff left work to seek treatment for her condition. With respect to that absence, Unum approved her claim for benefits without issue. Her last day of work was April 29, 2021.

12. On October 12, 2021, Plaintiff underwent a subtotal gastrectomy

13. After extensive cancer treatment, Plaintiff returned to work with MaineHealth albeit in a sedentary role to accommodate her post-cancer treatment symptoms.

14. Plaintiff returned to work on October 31, 2022.

15. MaineHealth advised Plaintiff that her hire date would remain the same – November 22, 2005.

16. At that time, MaineHealth advised Plaintiff that, while she is in a new role, her benefits would be the exact same as before she left on April 29, 2021.

17. Given the severity of her condition and the likelihood of its return, Plaintiff relied on MaineHealth's representation that her benefits were identical as before and she could leave on disability again if needed.

18. Plaintiff relied on MaineHealth's misrepresentation to her great detriment.

19. At the time Plaintiff returned to work, the Plan remained insured, for purposes of disability insurance, by Unum.

20. The Policy at that time contained the following clauses:

WHAT DISABILITIES ARE NOT COVERED UNDER YOUR PLAN?
Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:
- intentionally self-inflicted injuries.
- active participation in a riot.
- loss of a professional license, occupational license or certification.
- commission of a crime for which you have been convicted under state or federal law.
- pre-existing condition.
Your plan will not cover a disability due to war, declared or undeclared, or any act of war.
Unum will not pay a benefit for any period of disability during which you are incarcerated.

WHAT IS A PRE-EXISTING CONDITION?
You have a pre-existing condition if:
- you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 3 months just prior to your effective date of coverage; or you had symptoms for which an ordinarily prudent person would have consulted a health care provider in the 3 months just prior to your effective date of coverage; and
- the disability begins in the first 12 months after your effective date of coverage.
PRE-EXISTING CONDITION means a condition for which you received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines for your condition during the given period of time as stated in the plan; or you had symptoms for which an ordinarily prudent person would have consulted a health care provider during the given period of time as stated in the plan.

21. As a direct result of MaineHealth's material misrepresentation, Plaintiff believed this provision would not apply to any future claim made for the same condition.

22. Plaintiff believed that the terms of her benefits were the same as the before she left on disability due to her Stage III stomach cancer.

23. Plaintiff's return to work was not without challenges.

24. Plaintiff's extensive cancer treatment and major surgery left her struggling to

complete the work required of her.

25. On May 19, 2023, Plaintiff was forced again to leave her position with MaineHealth - six months and 19 days after her return to work.

26. Plaintiff left in May 2023 due to the same condition form which she suffered before – stomach cancer.

27. At that time, Unum remained the long-term disability carrier under the Plan.

28. Plaintiff, as she has previously, filed a claim for long-term disability under the Plan with the claims administrator, Unum.

29. Unum reviewed the claim and applied the terms under the Policy as written and contrary to the promise made by MaineHealth.

30. Accordingly, Unum conducted a review of the look back period under the Policy and noticed that Plaintiff's stomach cancer fell within the look back period.

31. Unum denied her claim because it deemed stomach cancer and issues related thereto were pre-existing and, therefore, not covered under the Policy.

32. MaineHealth's material representation that Plaintiff's benefits would be the same as before she left the first time due to stomach concern was incorrect.

33. MaineHealth, as the Plan Administrator, knew or should have known that because Plaintiff had remained at work for more than six months, any future claims would be treated as a new claim under the Plan and Policy, making the pre-existing condition provision applicable.

34. As a direct result of MaineHealth's misrepresentation, Plaintiff is without coverage for disability caused by her stomach cancer.

35. This court should apply the equitable remedy of surcharge applicable through ERISA's "catch all" provision – 29 U.S.C.§ 1132(a)(3).

WHEREFORE, Plaintiff requests the Court grant her the following relief from Defendant MaineHealth:

A. A judgment in the amount of all benefits under the Plan/Policy that would have accrued to the date this Court renders a determination on the merits plus prejudgment interest;

B. A judgment in the amount of reasonable future benefits that should have been paid to expiration of coverage under the Policy – Plaintiff's 65th birthday.

C. A judgment awarding Plaintiff all consequential damages of MaineHealth's material misrepresentation.

D. Plaintiff's costs and attorney's fees;

E. All other relief the Court may deem just or appropriate.

Dated:  June 18, 2025

/s/ *Andrew Davis*
Andrew S. Davis, Esq.
DAVIS LAW LLC
PO Box 17887
Portland, Maine 04112
207.610.6592
andrew@erisabenefitlawyer.com